UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ERIC RUIBAL, et al.,

       Defendants.
_____/

File No. 1:12-CR-132

HON. ROBERT HOLMES BELL

**O P I N I O N**

The remaining Defendants[1] have moved to exclude evidence regarding their tattoos because such evidence is not probative of any disputed issue and would be unfairly prejudicial. In the alternative, Defendants request the Court to order that any depiction of their tattoos be presented by photograph. (Dkt. Nos. 840, 841). For the reasons that follow, the motion will be denied.

All of the remaining Defendants are charged in Count One of the fourth superseding indictment (Dkt. No. 480) with conspiring to engage in racketeering activity through the criminal enterprise known as the Holland Latin Kings in violation of 18 U.S.C. § 1962(d). Among the elements the government must prove to convict on the racketeering RICO

---

[1] At the time this motion was filed, the remaining Group 1 Defendants were Francisco Martinez, Jr., Antonio Rios, and Jose Hernandez, and the remaining Group 3 Defendants were Eric Ruibal, Julio Hernandez, Juan C. Hernandez, David Casillas, Anthony Guzman, and Arnulfo Lopez.

conspiracy charge is the existence of the "enterprise" and that the defendant "associated with" the enterprise. 18 U.S.C. § 1862(c)(d); *Salinas v. United States*, 522 U.S. 52, 62-65 (1997); *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983).  The government asserts that Defendants' tattoos are relevant to the issue of Defendants' association with the Holland Latin Kings.  The government also asserts that some of the tattoos have significance beyond merely establishing an association with the enterprise, such as indicating leadership status, chapter affiliation, and submission to the enterprises's rules and expectations.

Cases have routinely held that evidence of tattoos is admissible in conspiracy cases to show affiliation with a particular group.  *See*, *e.g.*, *United States v. Miller*, 48 F. App'x 933, 948 (6th Cir. 2002) (upholding admission of evidence that defendant had a gang-related tattoo as evidence of his association with individuals participating in a drug conspiracy); *United States v. Toliver*, 387 F. App'x 406, 419 (4th Cir. 2010) (upholding admission of photographs of the defendant's gang-related tattoos as substantive evidence of his affiliation with a gang that was allegedly involved in racketeering activity).  It is undisputed that members of various chapters of the Almighty Latin King Nation ("Latin Kings") use tattoos to signal their affiliation with the group and that their tattoos have been held to be probative of their association with the Latin King enterprise.  *See*, *e.g.*, *United States v. Lara*, 181 F.3d 183, 190 (1st Cir. 1999) ("Members of the Latin Kings signal their affiliation by sporting beads and other accouterments (including tattoos) in the gang's colors – black and gold."); *United States v. Zambrano*, No. 08-CR-746, 2011 WL 4565796, *3 (N.D. Ill. Sept. 25, 2011)

(denying Latin Kings defendants' motion to exclude gang-tattoo evidence, noting that "tattoo evidence demonstrated membership in a gang whose members composed a RICO conspiracy"); *United States v. Guzman*, 2011 WL 4702186, *5-6 (N. D. Ill. Sept. 29, 2011) (same). Defendants do not deny that members of the Holland Latin Kings similarly use tattoos to signal their affiliation with the group. In fact, the Group 2 Defendants have indicated that they will not contest that they were associated with the Holland Latin Kings ("HLK") and that they have tattoos reflecting that association. (Dkt. No. 840.) The Group 3 Defendants have joined in the motion. (Dkt. No. 841.) However, Defendants contend that because they do not intend to contest their association with the Holland Latin Kings or to having tattoos reflecting that association, evidence of their tattoos would not be probative of any disputed issue.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court held that by stipulating to his felon status, a defendant could preclude the government from offering evidence as to the nature of his prior offense. *Id.* at 180-92. However, *Old Chief* explicitly limited its holding to cases involving proof of felon status, *id.* at 183 n.7, and reaffirmed the general rule that "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away." *Id.* at 189. "The Government is entitled to introduce its own evidence to prove every element of its case." *United States v. Boyd*, 640 F.3d 657, 668 (6th Cir. 2011) (citing *Old Chief*, 519 U.S. at 186-87). The government is accordingly entitled to present evidence of Defendants' association with the Holland Latin Kings notwithstanding Defendants' willingness to stipulate to this association.

3

Defendants contend that even if the tattoo evidence is relevant to the government's proofs, the unfair prejudice from tattoos "far outweighs" probative value under Federal Rule of Evidence 403. Many courts have recognized that tattoos and other evidence of gang affiliation can be prejudicial and inflammatory. *See*, *e.g.*, *United States v. Santiago*, 643 F.3d 1007, 1011 (7th Cir. 2011) (noting that "a jury is likely to associate gangs with 'criminal activity and deviant behavior,' such that the admission of gang evidence raises the specter of guilt by association or a verdict influenced by emotion"); *United States v. Harris*, 587 F.3d 861, 867 (7th Cir. 2009) (noting that guilt by association is a genuine concern when gang evidence is admitted). However, the risk of prejudice associated with evidence of gang affiliation does not necessarily render it inadmissible in all cases. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" *United States v. Gibbs*, 182 F.3d 408, 429 (6th Cir. 1999) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)).

To the extent a tattoo evidences an individual defendant's affiliation with the Holland Latin Kings, the evidence may be prejudicial to the defendant's case, but only because of the legitimate probative force of the evidence in proving membership in the Holland Latin Kings. That kind of prejudice is not unfair.[2] Defendants have not identified anything about tattoos

---

[2] Notably, none of the cases cited by Defendants suggest that evidence of gang tattoos would be unfairly prejudicial in a prosecution for RICO conspiracy or other charges where affiliation with an enterprise is an element of the offense. *See*, *e.g.*, *United States v. Ozunai*,
(continued...)

4

generally or about their tattoos in particular that would be make them unfairly prejudicial in this case. Defendants' motion to exclude gang-related tattoo evidence will accordingly be denied.

Defendants have requested, in the alternative, that if tattoo evidence is deemed admissible, the Court enter an order requiring the government to present the tattoo evidence photographically. Defendants contend that compelling them to partially disrobe to display their tattoos to the jury would be sensational and distracting and more prejudicial than probative. Because the government has advised that it intends to offer evidence of each defendant's gang-related tattoos through photographic exhibits, Defendants' alternative motion to require that any evidence of their tattoos be presented by photographs, will be denied as moot.

An order consistent with this opinion will be entered.

Dated: January 16, 2014                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE

---

[2](...continued)
674 F.3d 677, 682 (7th Cir. 2012) (finding no abuse of discretion in allowing evidence of gang affiliation in prosecution for unlawful possession of a firearm where it was relevant to the past relationship between the witness and the defendant); *Santiago*, 643 F.3d at 1010-1011 (holding that in a drug conspiracy trial, district court was within its discretion in concluding that the probative value of the gang evidence outweighed its prejudicial effect); *United States v. Harris*, 587 F.3d 861, 867-68 (7th Cir. 2009) (finding no abuse of discretion in allowing limited evidence of gang membership in a prosecution for felon in possession of a firearm and possession with intent to distribute cocaine); *United States v. Diaz*, 498 F. App'x 407, 409 (5th Cir. 2012) (upholding the trial court's determination that the potential prejudice to government of photographs of the defendant's gang-related tattoos outweighed any probative value in a prosecution for deprivation of rights under color of law and making false statements).